UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| GARY WELBORN, ) | No. EDCV 07-01592 (SH) |
| Plaintiff, ) | MEMORANDUM OPINION |
| v. ) | AND ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a joint stipulation. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

On April 26, 2004, plaintiff Garry Welborn filed an application for Supplemental Security Income alleging an inability to work since October 21, 1996, due to high blood

pressure, high cholesterol, tumors in his left hand and foot, and asthma. (Administrative Record ["AR"] 69-72).[1] On January 6, 2006, an Administrative Law Judge ("ALJ") determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 8-19).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 4-7), plaintiff filed an action in this Court. On February 8, 2007, this Court reversed the decision and remanded the matter for further clarification of the vocational expert's testimony regarding work as an assembly machine tender and regarding occupations consistent with plaintiff's residual functional capacity. (AR 313-18). The Appeals Council subsequently remanded the case to the ALJ. (AR 319-22). On September 19, 2007 (on remand), the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act. (AR 299-312).

Plaintiff makes five challenges to the ALJ's determination. Plaintiff alleges that the ALJ erred (1) in failing to properly consider the State Agency findings concerning plaintiff's manipulative limitations; (2) in failing to make proper findings about plaintiff's credibility; (3) in failing to pose a complete hypothetical to the vocational expert accurately reflects plaintiff's residual functional capacity; and (4) in failing to rate plaintiff's mental impairment.

For the reasons discussed below, the Court finds that plaintiff's third claim of error does have merit. Since the matter is remanded based on plaintiff's third claim of error, the Court will not address plaintiff's first, second and fourth claims of error.

**ISSUE NO. 3:**

---

[1] This application apparently was plaintiff's third application for Supplemental Security Income. (See AR 11).

Plaintiff asserts the ALJ's hypothetical propounded to the vocational expert failed to include the manipulative limitations described by the State Agency physician in his Residual Functional Capacity Assessment. Defendant responds that the ALJ's hypothetical incorporated plaintiff's manipulative limitations that were supported by objective medical evidence.

If a claimant's impairment or combination of impairments do not meet or equal a listed impairment, and if a claimant cannot perform past relevant work, the Commissioner has the burden of showing that a person has the residual functional capacity to perform other kinds of work in the national economy. Bowen v. Yuckert, 482 U.S. 137, 141-42, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); Embrey v. Brown, 849 F.2d 418, 422 (9th Cir. 1988). The Commissioner can meet this burden by using the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); see also Gamer v. Secretary, 815 F.2d 1275, 1279 (9th Cir. 1987). Hypothetical questions posed to the vocational expert must set out all the functional limitations of a claimant. Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995); Embrey, supra. The assumptions contained in an ALJ's hypothetical to a vocational expert must be supported by the record; otherwise, the opinion of the vocational expert that a claimant has residual working capacity has no evidentiary value. Embrey, supra; Gamer, supra; Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir. 1984)("A vocational expert's testimony in a disability benefits proceeding 'is valuable only to the extent that it is supported by medical evidence.'").

The record contains a Physical Residual Functional Capacity Assessment dated June 26, 2003. (See AR 197-203). A State Agency physician found that plaintiff was limited with respect to certain manipulative limitations: handling (gross manipulation); fingering (fine manipulation); and feeling (skin receptors). (AR 197). The State Agency physician found that plaintiff had the ability to "pick" (requiring the ability to oppose thumb and forefinger, e.g., button clothes or retrieve clothes) "occasionally" (meaning,

3

"up to 1/3 of the time"); the ability to "pinch" (requiring the ability to use the fingertips to squeeze, e.g., remove stems from berries) with the left hand "never" and with the right hand "occasionally"; and the ability to "work primarily with the fingers" (e.g., keyboarding or punching buttons) with the left hand "never" and with the right hand "occasionally." (AR 202). The State Agency physician further found that, with respect to handling, plaintiff had the ability to "seize/grasp" (requiring the use of the fingers and palms to grab, catch or snap up abruptly, or lay hold of objects, e.g., clench a wrench, luggage handle or map handle) "occasionally"; and the ability to "work primarily with the whole hand or hands" "occasionally." (AR 203).

At the August 1, 2007 hearing, the ALJ asked the vocational expert the following hypothetical:

> "Assuming that we have, well, we're not going back 37 years of age, a 44-year-old individual, with a GED who has only done this same work that Mr. Welborn has done in the past, who has the residual functional capacity as just given to us by Dr. Landau, which is different from the last hearing, eight hour day, sitting six hours in a [sic] eight hour day, can occasionally lift 20 pounds, frequently 10, occasional stoop and bend, no ladders, ropes or scaffolds, but can do climbing of ramps and stairs, should not have to perform balancing at work, should work in a dust free environment, meaning the air condition and the temperature control with no excessive dust, pollutants or poor ven[tila]tion. Cannot do forceful gripping, grasping or twisting with either of the right or left extremity, but can do fine and gross manipulations. Would there be jobs for that individual, because I know that person can't do a tow truck driver. I did that myself for a number of years." (AR 453).

The ALJ relied on the vocational expert's testimony in determining that there were a number of jobs (i.e., cashier, job assembler, charge account clerk, surveillance system monitor) that plaintiff could perform in the national economy. (See AR 312).

4

Here, the ALJ did not present the vocational expert with all of the limitations the State Agency physician found the plaintiff to have.  As noted above, the State Agency physician found that plaintiff had limitations with fingering (fine manipulation) and handling (gross manipulation).  (AR 197).[2]  Nonetheless, the ALJ improperly stated that plaintiff was able to "do fine and gross manipulations." (AR 453).  Moreover, the ALJ did not present the vocational expert with the State Agency physician's findings that, with respect to fingering, plaintiff had the abilities to "pick" "occasionally,", to "pinch" with the left hand "never" and with the right hand "occasionally"; to "work primarily with the fingers" with the left hand "never" and with the right hand "occasionally" (AR 202); and that, with respect to handling, plaintiff had the ability to "work primarily with the whole hand or hands" "occasionally" (AR 203).

Contrary to defendant's assertion (see Joint Stipulation at 14), the vocational expert's decision to erode the number of jobs available (see AR 453-54) does not demonstrate that the vocational expert considered the fine fingering with the left hand limitation.  The record reflects that the ALJ did not present that limitation and that the vocational expert did not specify that limitation as the basis for the erosion.

The ALJ's failure to pose all of plaintiff's limitations to the vocational expert renders the expert's opinion without evidentiary value.  Since the ALJ did not present the vocational expert with a hypothetical containing all of plaintiff's limitations, remand of this case is warranted.  See Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995).

**ORDER**

---

[2]  In a later Physical Residual Functional Capacity Assessment dated November 8, 2004 (which the ALJ also referred to in the decision, see AR 310), a State Agency physician found that plaintiff had a manipulative limitation with fingering (fine manipulation).  (See AR 256-63).

5

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: <u>March 10, 2009</u>

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE